Nicholas R Webb, RN, DNP, ESQ (SBN 332586)
Balestra Webb Law
1426 Plaza De Oro
Benicia, CA 94510
Phone: 844-MED-LAWS
Email: Nick@BalestraWebb.com

Attorney for Plaintiffs ROBERT BAKER, CARLA BOWSHIER, JOHN BOWSHIER, SHERIF RIAD, SHERRY THOMPSON, WILLIAM BARDAKOS, MARY BRAUER, CAROL SCHINDLER, JOSEPH COLLINS, WES WIENS, CRAIG DAYMUDE, COR VAN DIEPEN, DAVID RICHARD GRABLE, FRAN ATTALA.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BAKER, CARLA BOWSHIER, JOHN BOWSHIER, SHERIF RIAD, SHERRY THOMPSON, WILLIAM BARDAKOS, MARY BRAUER, CAROL SCHINDLER, JOSEPH COLLINS, WES WIENS, CRAIG DAYMUDE, COR VAN DIEPEN, DAVID RICHARD GRABLE, FRAN ATTALA,           Plaintiff, vs. **OXFORD GOLD GROUP, INC,**           Defendant. | Case No. 2:24-cv-6824 **PLAINTIFFS' EX PARTE APPLICATION FOR WRIT OF ATTACHMENT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____ at a time to be determined by the Court, or as soon thereafter as this matter may be heard in Department _____ of the United States District Court for the Central District of California, all Plaintiffs above captioned will, and hereby do, apply for a writ of attachment against Defendant OXFORD GOLD GROUP LLC.

1  This Ex Parte Application is made pursuant to Code of Civil Procedure § 484.010 et seq., and is
2  based on the grounds that Plaintiffs have established the probable validity of their claim and that the
3  attachment is necessary to secure the amount due to Plaintiff under the terms of the parties' contracts.
4  Plaintiffs seek attachment on Defendant's assets, specifically all internal company deposits of gold
5  and silver, as well as any other real property or personal property to be deemed worthy by the Court,
6  to secure a judgment in this action.

8  This Application is based on this notice, the accompanying Memorandum of Points and Authorities,
9  the Declaration of Attorney Nicholas R. Webb, and any other evidence or argument as may be
10 presented at the hearing.

12 Respectfully submitted,
13 Dated: August 12, 2024                    BALESTRA WEBB LAW

17                                            NICHOLAS R WEBB, RN, DNP, ESQ
18                                            ATTORNEY FOR PLAINTIFFS

21 ///
23 ///
25 ///
27 ///

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Plaintiffs ROBERT BAKER, CARLA BOWSHIER, JOHN BOWSHIER, SHERIF RIAD, SHERRY THOMPSON, WILLIAM BARDAKOS, MARY BRAUER, CAROL SCHINDLER, JOSEPH COLLINS, WES WIENS, CRAIG DAYMUDE, COR VAN DIEPEN, DAVID RICHARD GRABLE, FRAN ATTALA (hereinafter "Plaintiffs") are seeking an attachment on Defendant OXFORD GOLD GROUP, LLC's (hereinafter "Defendant") assets. Specifically, Plaintiffs are seeking an attachment on all internal company deposits of gold and silver in Defendant's possession, and any other real property or personal property assets which are or may be known at the time the Writ is executed, to include currency, bank account funds, or land.

After significant discussions with Defendant, Plaintiffs entered into contracts with Defendant for the purchase of precious metals. Plaintiffs fulfilled their responsibilities under the contracts by tendering payment to Defendant; however, Defendant failed to perform under the contracts by delivering the precious metals. Moreover, when Plaintiffs attempted to contact Defendant regarding its performance under the contracts, Defendant failed to adequately respond or remedy its breach.

Therefore, Plaintiffs bring this action and respectfully ask this Court to grant their *Ex Parte* Application for Writ of Attachment.

**II.    STATEMENT OF FACTS**

Plaintiff filed their Complaint on August 12, 2024, alleging seven causes of action against Defendant, including civil fraud (18 U.S.C. §§ 1341, 1343), civil RICO (18 U.S.C. § 1962(c)), breach of contract, unjust enrichment, conversion, violation of California business and professions code (§ 17200 *et seq.*), negligent representation, and asks the Court for a declaratory judgment (28 U.S.C. § 2201).

In its regular course of business, Defendant advertises and promotes its precious metals investment opportunities, and Plaintiffs sought to purchase precious metals from Defendant. Defendant communicated with Plaintiffs regarding Plaintiffs' investment options, and Plaintiffs ultimately decided to invest their funds through one of Defendant's opportunities. The parties

entered into a contract for the purchase and delivery of specified quantities of precious metals. Plaintiffs submitted, and Defendant received, the amount contracted. However, unbeknownst to Plaintiffs, Defendant had no intention of performing under the contract. Rather, Defendant conducted fraudulent transactions not only with Plaintiffs but with other victims as well.

To date, Plaintiffs have yet to receive the precious metals they contracted for, and Defendant has ceased all communications with Plaintiffs regarding the matter.

### III.   **AN ATTACHMENT ON DEFENDANT'S ASSETS IS PROPER.**

####   A.   **The Standard for Attachment**

The burden is on the moving party to establish ground for an order of attachment. *Loeb and Loeb v. Beverly Glen Music, Inc.*, 166 Cal. Ct. App. 3d 1110, 1116 (1985). In California, the procedures and grounds for obtaining orders permitting prejudgment writs of attachment are "governed by Code of Civil Procedure § 481.010 *et seq*." *Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co., Div. of Goodyear Tire & Rubber Co.*, 112 F.Supp.2d 1178, 1181 (C.D. Cal. 2000). Generally, an order of attachment may be issued only in an action for a claim of money which is "based upon an express or implied contract where the total amount of such claim is a fixed or "readily ascertainable" amount not less than $500." *Id*.; *see also* C.C.P. § 483.010(a). Before a court can order an attachment on one's assets, the court must find all of the following:

> (1) The claim upon which the attachment is based is one upon which an attachment may be issued;
>
> (2) The applicant has established "the probable validity" of the claim upon which the attachment is based;
>
> (3) The attachment is not sought for a purpose other than the recovery on the claim upon which the request for attachment is based; and
>
> (4) The amount to be secured by the attachment is greater than zero.
>
> C.C.P. § 484.090.

####   B.   **Plaintiffs' Writ of Attachment on Defendant's Assets is Proper.**

First, Plaintiffs claim upon which the attachment is based is one in which an attachment may be issued. Plaintiffs' attachment claim is based on their contract with Defendant. The parties conducted extensive discussions on the precious metals, and in response to these discussions, Plaintiffs issued payment to Defendant for the precious metals. Defendant, in turn, accepted the payment and promised delivery of the precious metals. Therefore, because a contract exists among the parties, Plaintiff's attachment claim is one upon which attachment may be issued.

Second, Plaintiffs have established the probable validity of their claim on which the attachment is based. Courts have found that a simple affidavit or declaration would meet this test. *See generally, Bank of America v. Salinas Nissan*, 207 Cal. Ct. App. 3d 273-74 (1989) (affirming attachment of grantor's property based on affidavit demonstrating probable validity). Additionally, a declaration supporting business records that "provide the dates, amounts, place of delivery and type of merchandise delivered" would easily satisfy this requirement. *Lorber Indus. of California v. Turbulence, Inc.*, 175 Cal. Ct. App. 3d 532, 536 (1985). Here, Plaintiffs meet this test by submitting their communications with Defendant, including their negotiations prior to submitting payment, the description of the precious metals they sought to purchase, and documentation indicating they submitted payment for those precious metals. Therefore, because Plaintiffs can easily establish the probable validity of their claim, they satisfy the second prong.

Third, Plaintiffs only seek attachment of Defendant's assets for the purpose of recovering from the breach of contract. While Plaintiffs alleges multiple claims in their Complaint, the central claim to this action relates to the breach of contract. Had Defendant performed its responsibilities under the contract, Plaintiffs would not have sought a breach of contract action—much less the other claims. Because Defendant failed to perform under the contract, Plaintiffs seek attachment of Defendant's assets for the purpose of recovering their losses under that contract. Therefore, because of these reasons, Plaintiffs only seek attachment of Defendant's assets for the purpose for which attachment is sought.

And finally, the amount Plaintiffs seek to secure from the attachment is greater than zero. Because Plaintiff seeks to attach the deposits of gold and silver in Defendant's possession, the amount Plaintiffs seek to secure from the attachment is most certainly greater than zero.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this prejudgment Application for Writ of Attachment.

Respectfully submitted,

August 12, 2024

Attorney for Plaintiffs